## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREA McLAUGHLIN, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | No. 1:15-cv-27-JHR |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant* | ) | |

## MEMORANDUM DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge should have found that her depression and anxiety were severe impairments and wrongly rejected the opinions of a treating medical source. I affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from scoliosis and polyneuropathy, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 16.

to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 14-15; that she has the residual functional capacity ("RFC") to perform light work, except that she would need to change positions every 20-30 minutes, should not engage in constant overhead reaching, should not climb ladders, ropes, or scaffolds, but could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, Finding 5, *id*. at 15; that she was unable to perform any past relevant work, Finding 6, *id*. at 18; that, given her age (26 on the alleged date of onset of disability, June 1, 2011), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 18-10; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, September 13, 2013, Finding 11, *id*. at 20.  The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482

U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's appeal also implicates Step 2 of the sequential evaluation process.  Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* (quoting Social Security Ruling 85-28).

## I.      Discussion

### A.  Step 2

The plaintiff presents three challenges to what she characterizes as the administrative law judge's failure to find that her depression and anxiety were severe impairments.  Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 11) at 4-9.  I address the arguments in the order in which the plaintiff has presented them.

The plaintiff's first claimed basis for remand is an alleged failure by the administrative law judge to use a special regulatory technique to evaluate her asserted mental impairments.  *Id*. at 4-7.  The regulation that she cites, which is entitled "Evaluation of mental impairments," provides, in relevant part:

> We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social

functioning; concentration, persistence, or pace; and episodes of decompensation.

20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).  In addition, the plaintiff asserts that she is entitled to remand when neither an examining state-agency psychologist or psychiatrist nor a non-examining state-agency psychologist or psychiatrist completes a "psychiatric review technique" form and when no medical expert is called to testify at hearing about the effects of a claimant's alleged mental impairments.  Itemized Statement at 5.

The defendant responds that none of these factors comes into play until a claimant has established that she has a mental impairment, 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1), which the plaintiff did not do in this case.  Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 13) at 2-4.  The administrative law judge's statement on this point is the following:

> At the hearing, the claimant alleged that she has anxiety, depression and anger issues.  However, she has never consulted a psychiatric specialist about these symptoms, has never been diagnosed or treated for these symptoms and has not complained of these conditions to her treating physician or neurologist (Exhs. 11F, 12F, 17F).  There is no medically determined psychiatric impairment.

Record at 17.

The plaintiff asserts that the administrative law judge was required to follow and apply the factors listed in 20 C.F.R. §§ 404.1520a and 416.920a in order to determine whether she had a medically determinable mental impairment, Itemized Statement at 4-5, but that argument misreads the regulation.  I agree with the defendant that the regulation requires application of the subsection c(3) factors only if, after evaluating a claimant's pertinent symptoms, signs, and laboratory findings, the administrative law judge finds that a medically determinable impairment exists.  20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1).  That question in turn is governed by 20 C.F.R.

§§ 404.1508, 416.908, which state in relevant part that "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms[.]"[2]

The plaintiff did not allege any mental impairment or mental symptoms when she applied for benefits. Record at 209-27. The only evidence of the existence of any mental impairment is the plaintiff's testimony that drugs prescribed after back surgery, which she had been taking for one and a half months at the time of the hearing, cause her depression and anxiety, Record at 33, and that her depression and anxiety increase when her pain increases, *id*. at 39; and, in a "Peripheral Neuropathy Residual Functional Capacity Questionnaire" filled out by Dr. Scott D. Shulman, a neurologist, check marks in boxes marked "Depression" and "Anxiety" under the heading "Identify any associated psychological problems/limitations." *Id*. at 503. The plaintiff's attorney did not question her about any mental impairment at the hearing, nor did she mention any such claim to the administrative law judge.[3]

Under similar circumstances, this court has held that an administrative law judge does not have an independent obligation to pursue the possibility that an applicant has an unexpressed claim for a particular mental impairment. As this court noted in *Mannix v. Astrue*, Civil No. 09-437-B-W, 2009 WL 3152880 (D. Me. Sept. 28, 2009):

---

[2] Later in her itemized statement the plaintiff refers to the administrative law judge's "medically unsupported conclusion that Plaintiff has no medically determined mental impairment." Itemized Statement at 10. This assertion, however, turns on its head a core principle of Social Security law that the burden is on the plaintiff to provide medical evidence of the existence of any impairment. *E.g.*, *Breingan v. Astrue*, No. 1:10-cv-92-JAW, 2011 WL 148813, at *4 (D. Me. Jan. 17, 2011).

[3] Nor does the plaintiff's request for review by the Appeals Council, filed by her current lawyer, mention this claim. Record at 259-61. Under these circumstances, it is very likely that the plaintiff has waived the claim. *See Poissant v. Colvin*, No. 2:13-cv-162-GZS, 2014 WL 1686816, at *6 n.4 (D. Me. Apr. 29, 2014). At oral argument, the plaintiff's attorney questioned whether a failure to raise an issue before the Appeals Council may constitute waiver, *but see, e.g.*, *Mills v. Apfel*, No. 99-27-P-H, 1999 WL 33117114, at *3 (D. Me. Nov. 24, 1999), but counsel for the commissioner stated at oral argument that the commissioner would not contend that a waiver has occurred, so I will not address the possibility further.

> The plaintiff contends that the administrative law judge should nevertheless have concluded, on his own, that the plaintiff suffered from borderline intellectual functioning based on the findings of Dr. Fritzler. The First Circuit has stated, "[w]hen a claimant is represented, the ALJ[] should ordinarily be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that claimant's claims are adequately explored." *Faria v. Commissioner of Soc. Sec.*, 1998 WL 1085810 (1st Cir. Oct. 2, 1998), at *1 (citations and internal quotation marks omitted); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (same). It is a basic tenet of Social Security case law that an administrative law judge is under no obligation to investigate a claim that was not presented at the time of the application for benefits and not offered at the hearing. [citing cases].

*Id*. at *3 (citation to itemized statement omitted). That holding would be dispositive of the plaintiff's first claim in this case under 20 C.F.R. §§ 404.1520a and 416.920a, but, because the defendant does so in her opposition, I will address the merits nonetheless.

Significantly, and contrary to the plaintiff's assertion, Itemized Statement at 4, that Dr. Shulman "diagnosed Ms. McLaughlin with depression and anxiety," Dr. Shulman listed only peripheral neuropathy as a diagnosis on the questionnaire, and left blank the space under the heading "List any other diagnosed impairments." Record at 502. He merely listed depression and anxiety as "psychological problems" "associated" with the peripheral neuropathy. *Id*. at 503. He did not suggest the cause or severity of these "problems" and left blank the space in which he was asked to "[i]dentify side effects of any medications that may have implications for working[.]" *Id*. He did not refer her for evaluation of her psychological condition, nor do his records, *id*. at 482-89, mention any report from the plaintiff of depression or anxiety. The plaintiff's assertion that Dr. Shulman's check in the box on the questionnaire indicating that she is "[c]apable of low stress jobs," *id*. at 505, is a "finding of a . . . functional limitation" "related" to "diagnoses of depression

and anxiety," Itemized Statement at 5, places an interpretive weight upon the check mark that it simply cannot bear.[4]

All but one of the cases cited by the plaintiff, *id*. at 6, concerns a failure to apply the evaluation technique of 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3), after an impairment was found to exist.  *See* (in the order presented in the itemized statement) *Morales v. Apfel*, 225 F.3d 310, 316 n.7 (3d Cir. 2000); *Kohler v. Astrue,* 546 F.3d 260, 265-66 (2d Cir. 2008); *Gutierrez v. Apfel*, 199 F.3d 1048, 1050-51 (9th Cir. 2000) (superseded by regulation); *Montgomery v. Shalala*, 30 F.3d 98, 100 (8th Cir. 1994); *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1049 (10th Cir. 1993).  The exception, *Stambaugh v. Sullivan*, 929 F.2d 292, 295-96 (7th Cir. 1991), has been superseded by both amendment of the regulation at issue and the elimination of alcoholism as an impairment entitling an individual to benefits. The issue in the case at hand is whether the two record references to possible mental impairments present in the record were sufficient to require the administrative law judge to proceed further with an analysis of the severity of those now-claimed impairments, an issue upon which the cited case law sheds little or no light.

More persuasive is the statement by the First Circuit in *Rodriguez v. Secretary of Health & Human Servs.*, 46 F.3d 1114 (table), 1995 WL 45781, at *4, n.14 (1st Cir. Feb. 7, 1995), that 20 C.F.R. § 404.1520a requires the defendant to use the prescribed procedure only if she determines that a mental impairment exists.  "If there is insufficient evidence that a mental impairment exists, there will be presumably [] no medical findings which would allow the SSA to complete the standard PRTF [then required by subsection c(3)]."  *Id.  See also Howell v. Sullivan*,

---

[4] At oral argument, the plaintiff's attorney asserted that Dr. Shulman was "an expert in psychiatric diagnosis" because he is certified by the American Board of Psychiatry and Neurology. While that board apparently certifies physicians in both specialties, Dr. Shulman is certified only in general neurology and vascular neurology.  Certification Matters, https://www.certificationmatters.org/is-your-doctor-board-certified/search-now/In/shulman/fn/scott/state/me/cert/13. (last visited Nov. 20, 2015).

950 F.2d 343, 348 (7th Cir. 1991) (the same year as the *Stambaugh* decision from the same court) ("Once a claimant has presented evidence that he suffers from a mental impairment, the Secretary is required to complete a standard document."). That is what the plaintiff has not done in this case.

This conclusion makes it unnecessary to address the remaining two bases presented by the plaintiff for remand based on her alleged mental impairments. In connection with the argument that 42 U.S.C. § 421(h) required the administrative law judge to have the plaintiff's unasserted claim of one or more mental impairments evaluated, Itemized Statement at 7-8, the plaintiff again cites cases in which evidence of the existence of a mental impairment was presented. I note also that *Brown v. Commissioner of Soc. Sec.*, No. 1:10-cv-00166-JAW, 2011 WL 1326862, at *3 (D. Me. Apr. 5, 2011), the only case from this district cited by the plaintiff, is readily distinguishable. In that case, medical records "indicate[d] the presence of depression," and psychoactive drugs had been and were being prescribed for the plaintiff, *id.* at *1. The claimant in *Brown* also submitted a psychologist's report concerning his "mental ability for work-related activities[.]" *Id.* at 2. Judge Kravchuk observed that "there is precedent to the effect that not every reference to depression requires a referral to a mental health expert, even where an antidepressant has been prescribed." *Id.* at 3. The instant case is one of the latter group.

The plaintiff's third and last argument under this heading, that the administrative law judge was required to discuss Dr. Shulman's check of the box limiting her to low stress jobs, Itemized Statement at 8-9, by its own terms requires a finding that a mental impairment exists. The administrative law judge in this case supportably found that no mental impairment existed.

### B. Physical Impairments

The plaintiff next challenges the administrative law judge's rejection of Dr. Shulman's opinion concerning the effects of her mental and physical impairments "without providing an

8

alternative basis for his RFC[.]" Itemized Statement at 9. My discussion of the administrative law judge's treatment of the plaintiff's newly-claimed mental impairments makes it unnecessary to consider this issue with respect to any mental impairment, and, therefore, I turn to her arguments based on physical impairments.

The plaintiff attacks the RFC's limitation that she "should not engage in constant overhead reaching.[,]" Record at 15, as a conclusion, "without any medical support, that Plaintiff has [a] mild overhead reaching limitation rather than the more extensive manipulative limitations cited by Dr. Shulman." Itemized Statement at 10. However, this limitation is not tied in any way to other manipulative limitations that Dr. Shulman may have imposed; it should be considered on its own. Dr. Shulman opined that the plaintiff could use her arms for reaching in front of her body or overhead 100% of the time during an 8-hour working day. Record at 504. The "mild" limitation on overhead reaching in the RFC is, thus, more favorable to the plaintiff than Dr. Shulman's opinion would support and, accordingly, is not a basis upon which she can claim entitlement to remand. *E.g., Beaulieu v. Colvin*, Civil No. 1:14-cv-335-DBH, 2015 WL 4276242, at *4 (D. Me. July 14, 2015).

Next, the plaintiff complains that the administrative law judge rejected Dr. Shulman's opinions that she was able to grasp only 30% of the time in a normal workday and perform fine manipulations with her fingers only 50% of that time, Record at 504, was "entirely without medical support." Itemized Statement at 10. Again, it was the plaintiff's burden to provide evidence to support these limitations, not the administrative law judge's burden to find medical evidence to support his decision to reject them. The administrative law judge wrote the following about the proposed limitations on grasping and fine manipulation:

> While the claimant has complained of right shoulder pain in the past, she
> has not been found to have any impairment that would cause upper

> extremity limitations to grasping or fine manipulation. Dr. Shulman's opinion is not consistent with the medical records in evidence or even the claimant's complaints. Because his opinion is so divergent from his own treatment notes and includes impairments that the claimant has not been diagnosed or treated for, the undersigned has considered that the opinion might actually have been for a different person, although the claimant's name appears on the record. While Dr. Shulman is an acceptable medical source of opinion, the undersigned finds that he overstates the claimant's limitations, includes impairments that are not linked to the claimant[,] and his opinion is not entitled to great weight.

Record at 18. The administrative law judge then stated that he gave "greater weight" to the opinion of Dr. J. H. Hall, who reviewed the medical evidence in April 2012. *Id.*

The administrative law judge's comparison of Dr. Shulman's opinion on this point with his medical records is accurate. There is no mention of limited manipulative abilities in those records. *Id.* at 428-33, 482-86. He did record normal "[c]oordination, strength, bulk and tone . . . in both upper extremities," *id*. at 431, which seem inconsistent with limited ability to grasp and manipulate fine objects.

The plaintiff points out that the administrative law judge "rejected Dr. Hall's opinion that Ms. McLaughlin has no manipulative limitations without further explanation." Itemized Statement at 11. However, the RFC includes no manipulative limitation other than a statement that the plaintiff "should not engage in constant overhead reaching." Record at 15. This minor divergence from Dr. Hall's finding that the plaintiff had no manipulative limitations favors the plaintiff; therefore, any error in failing to explain the change is harmless. *See, e.g., Johnson v. Colvin*, No. 1:13-cv-00297-JDL, 2014 WL 4181606, at *3 (D. Me. Aug. 21, 2014).

The plaintiff is not entitled to remand on the showing made with respect to her physical impairments.

## C.  Step 5

As her final allegation of reversible error, the plaintiff asserts that the administrative law judge's finding that there were jobs available in significant numbers in the national economy that she could perform was based on vocational expert testimony that "was unreliable because of the errors in the RFC[.]"  Itemized Statement at 12.  She supports this argument with the assertion that the administrative law judge's hypothetical question to the vocational expert was unreliable "for all of the reasons discussed in detail above[,]" thereby "irreparably compromis[ing]" the vocational expert's testimony.  *Id.*

This argument is entirely derivative of the plaintiff's first two claims for relief, both of which I have recommended that the court reject.  Accordingly, she takes nothing by this separate argument.  *Davis v. Colvin*, No. 1:14-cv-343-JHR, 2015 WL 3937423, at *6 (D. Me. June 25, 2015).

## II.      Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.


Dated this 20th day of November, 2015.


/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

11